UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>LOGMET, LLC,<br><br>Defendant. | Case No. 1:25-cv-11277 |

## COMPLAINT

In support of its claims against Defendant Logmet, LLC ("Logmet"), Plaintiff United Food & Commercial Workers International Union-Industry Pension Fund (the "Fund") alleges the following:

## THE PARTIES

1. The Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(2)(A), 3(3), 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(2)(A), 1002(3), 1002(37), and 1301(a)(3), and is established and maintained pursuant to section 302(c)(5) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 186(c)(5). The Fund is administered in Oak Brook, Illinois by the Fund's Board of Trustees. The Board of Trustees is composed equally of representatives of employers and employees, which serve as "plan sponsor" and "administrator" of the Fund within the meaning of ERISA §§ 3(16), 400l(a)(l) and 4001(a)(10), 29 U.S.C. § 1002(16), 1301(a)(l), and 1301(a)(l0).

54487686v3

2. Upon information and belief, Defendant Logmet, LLC ("Logmet") is a Texas company with a principal place of business at 9600 Great Hills Trail Suite 150 Austin, Texas.

3. Upon information and belief, there may be other trades or businesses under common control with Logmet within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1391 (b)(1). Plaintiffs may add these entities as defendants in this action.

## JURISDICTION AND VENUE

4. This is an action by an employee benefit plan to collect delinquent withdrawal liability payments and delinquent contributions owed to the plan as required by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et. seq. ("ERISA").

5. This Court has jurisdiction to hear this matter pursuant to ERISA §§ 502, 515, and 4301(c), 29 U.S.C. §§ 1132, 1145 and 1451(c).

6. Venue is proper in this Court under ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund is administered in the Northern District of Illinois.

## FACTUAL BACKGROUND

7. Logmet participated in the Fund pursuant to a collective bargaining agreement with the United Food and Commercial Workers Local No. 1996 (the "Union") and was an "employer" in the Fund within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(l). Logmet's collective bargaining agreement with the Union (the "CBA") required that it contribute to the Fund on behalf of eligible employees who perform bargaining unit work. A true and correct copy of the CBA is attached hereto as **Exhibit A**.

8. By agreeing to be bound by the CBA, Logmet adopted and assented to all the terms and provisions of the Fund's trust agreements, including all rules and regulations adopted by the Fund's trustees.

9. The Fund's trust agreement, Section 7.6(q), provides that the Fund may audit a participating employer's payroll records to ensure the sufficiency of the employer's contributions. If an employer fails to cooperate with an audit, the trust agreement allows the Fund to collect the cost of the audit from the employer.

10. The Fund has also adopted a Delinquency Collection Policy/Procedure (the "Policy"). The Policy empowers the Fund under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees. A true and correct copy of the Policy is attached hereto as **Exhibit B**.

11. ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

## LOGMET'S VIOLATION OF
## ERISA § 515 AND FUND'S TRUST AGREEMENT

12. Logmet has violated the Fund's trust agreements and ERISA § 515. Specifically, Logmet has not paid contributions to the Fund for the period of July 2024 to May 2025 as required by its CBA, has not submitted payroll or other contribution reporting during that period, and has ignored the Fund's requests, sent by letters dated

June 6, 2023, December 4, 2024, and February 19, 2025, that Logmet participate in an audit of its payroll records from July 2021 to present[1].

13. Logmet has not submitted to the Fund contribution reports identifying the contributions it was required to contribute under the CBA. Based on historical contribution amounts, the Fund estimates that over the period of July 2024 through December 2024, Logmet failed to pay $31,113.45 in contributions. That estimate does include contributions owed for the months of January to May of 2025 which, as of the filing of this Complaint, are delinquent. The estimate does not include the current interest and liquidated damages which Logmet owes under the Policy for all unpaid contributions. The Fund has not yet determined those amounts as they continue to accrue.

14. Under the Policy, Logmet also owes the Fund liquidated damages on amounts Logmet failed to timely pay the Fund for the period of September of 2021 through June of 2024.

15. A true and correct copy of the Fund's estimate of unpaid contributions for July 2024 to December of 2024 as well as an itemization of the liquidated damages owed from September 2021 through June of 2024 is attached hereto as **Exhibit C**.

16. The Funds have issued notices to Logmet regarding the amounts owed and the need for an audit but Logmet has ignored those notices.

**LOGMET'S VIOLATION OF
ERISA §§ 4219(c)(2) AND 4221(d)**

17. Logmet's CBA with the Union expired on May 31, 2025.

---

[1] The first two requests sought an audit of a shorter period but given the lack of response and failures to make timely and complete contributions, the Fund extended the audit period in the final request.

54487686v3　　　　　　　　　　　　　　　4

18. Logmet permanently ceased to have an obligation to contribute to the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), when the CBA expired on May 31, 2025.

19. The Board of Trustees for the Fund determined that Logmet experienced a complete withdrawal within the meaning of ERISA § 4203(a), 29 U.S.C.§ l 383(a), in the Plan Year ending June 30, 2025 and that Logmet be assessed withdrawal liability for a complete withdrawal.

20. An employer's complete withdrawal liability shall be calculated pursuant to the rolling-five method identified at ERISA § 421l(c)(3), 29 U.S.C. § 1391(c)(3).

21. Based on the calculation by the Fund's actuary, the Fund issued Logmet a notice of Withdrawal Liability Assessment dated May 16, 2025, which explained that Logmet owed the Fund withdrawal liability in the amount of $9,557 on or before June 1, 2025 (the "Assessment"). A true and correct copy of the Assessment is attached hereto as **Exhibit D.**

22. Pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(l), the Fund notified Logmet in a May 16, 2025 letter to Cheryl Field ("Ms. Field") of the amount of its liability and the schedule for liability payments. The May 16, 2025 letter demanded that Logmet, and all other trades and businesses under common control with Logmet, pay the $9,557 withdrawal liability in 1 installment of $9,557 on or before June 1, 2025. The May 16, 2025 letter advised that Logmet would be subject to the Fund's Delinquency Collection Policy if the withdrawal liability payment was not made when due. If any withdrawal liability payment was not made when due, the Fund's Delinquency Collection Policy provides that a withdrawn employer will be liable for the following if the Fund refers the delinquency to legal counsel and legal counsel files a

collection action: liquidated damages of 20% of the delinquency, interest equal to the prime rate plus 2% (updated each January 1 and July 1) in addition to court costs and attorneys' fees incurred in collection of such delinquency. The May 16, 2025 letter also notified Logmet that it would be considered to be in default under ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), if Logmet failed to pay the outstanding withdrawal liability payment within 60 days of receipt of the written notice of delinquency from the Fund.

23. Neither Logmet nor any trade or business under common control with Logmet paid the $9,557 installment due on June 1, 2025.

24. When Logmet failed to pay the withdrawal liability, the Fund issued a demand for payment to Logmet dated June 16, 2025 (the "Demand"), which identified interest owed on the delinquent withdrawal liability payment. A true and correct copy of the Demand is attached hereto as **Exhibit E.**

25. Logmet ignored the Assessment and the Demand and failed to pay the withdrawal liability payment and interest owed to the Fund.

26. Neither Logmet nor any trade or business under common control with Logmet paid the $9,557 within 60 days of the Fund's May 16, 2025 letter notifying Logmet of the delinquency and demanding payment.

27. In correspondence to Ms. Field dated August 18, 2025, legal counsel to the Fund issued a final demand for the delinquent withdrawal liability payment and interest owed to the Fund (the "Final Demand"), which enclosed copies of the Assessment and the Demand. In the Final Demand, the Fund advised Logmet that it had one final chance to pay the amounts owed to the Fund on a voluntary basis, but that, in the event the Fund received no response to the Final Demand prior to September 1, 2025,

the Fund would proceed with litigation. A true and correct copy of the Final Demand is attached hereto as **Exhibit F.**

28. Logmet failed to respond to the Final Demand.

29. The Board of Trustees declared a default under ERISA § 4219(c)(5) and directed that a collection action against Logmet and trades or businesses under common control with Logmet be initiated.

30. Logmet has never advised the Fund of its desire to request review of the Assessment, which is a condition precedent to initiating arbitration under ERISA, and the deadline for requesting review has expired.

31. To date, neither Logmet nor any trade or business under common control with Logmet have paid the $9,557 in withdrawal liability, nor the interest that has accrued thereon.

32. ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), provides that withdrawal liability shall be payable "beginning no later than 60 days after the date of demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule."

33. ERISA § 422l(d), 29 U.S.C. § 1401(d), provides that even in cases where a request for review and arbitration are initiated by a withdrawn employer, payments shall be made by the employer "until the arbitrator issues a final decision with respect to the determination submitted for arbitration." Courts have characterized the requirements imposed by ERISA §§ 42 1 9(c)(2) and 4221(d), 29 U.S.C. §§ 1391(c)(2) and 1401(d), as a "pay now, dispute later" obligation.

34. With regard to the Assessment, Logmet has not initiated arbitration in this matter pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a), and, consequently, no

arbitrator has issued a final determination modifying the Fund's withdrawal liability assessment.

## COUNT I:
## VIOLATION OF ERISA SECTION 515

35. The Fund realleges and incorporates the preceding allegations as if set forth fully herein.

36. Logmet agreed to make contributions to the Fund as required under the terms of the Fund's trust agreements.

37. Logmet has not made contributions as required.

38. The Fund has notified Logmet of its delinquency and demanded that Logmet submit payroll records and appropriate contributions.

39. Logmet has ignored the Fund's efforts to obtain the contributions owed.

40. As a result, Logmet is liable to the Fund for violation of ERISA § 515 (29 U.S.C. § 1145), and the Funds are entitled to damages as set forth in ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) as well as appropriate equitable relief, including a compelled audit to determine the sufficiency of Logmet's contributions.

## COUNT II:
## BREACH OF TRUST AGREEMENT

41. The Fund realleges and incorporates the preceding allegations as if set forth fully herein.

42. Logmet agreed to make contributions to the Funds as required under the terms of the Fund's trust agreements.

43. Logmet has not made contributions as required.

44. The Fund has notified Logmet of its delinquency and demanded that Logmet submit payroll records and appropriate contributions. The Fund also notified Logmet regarding its obligation to pay withdrawal liability.

45. Logmet has ignored the Fund's efforts to obtain the contributions and withdrawal liability owed.

46. Pursuant to the Policy adopted by the Fund's trustees according to their powers under the trust agreements, the Fund may recover from Logmet:

   (a) The amount of the unpaid contributions (including withdrawal liability);

   (b) Liquidated damages as described in the Policy; and

   (c) Interest on the unpaid contributions (including withdrawal liability) as described in the Policy; and

   (d) All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

47. Logmet also agreed to allow the Fund to audit its payroll records.

48. Despite requests that it do so, Logmet has refused to cooperate with an audit in breach of the Fund's trust agreement.

49. The Fund is entitled to specific performance in the form of a Court-ordered audit and to damages for any fees incurred in conducting such audit.

**COUNT III:**
**VIOLATION OF ERISA SECTIONS 4219(c)(2) AND 4221(d)**

50. The Fund realleges and incorporates the preceding allegations as if set forth fully herein.

51. As a result of its failure to make the withdrawal liability payments in accordance with the Fund's payment schedule, Logmet has violated ERISA §§ 4219(c)(2) and 422l(d), 29 U.S.C. §§ 1399(c)(2) and 140l(d).

52. ERISA § 4301(b), 29 U.S.C. § 1451(b), provides that any failure of an employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of ERlSA § 515, 29 U.S.C. § 1145.

53. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), requires that, upon entry of Judgment in favor of a plan to enforce ERISA § 515, the Court shall award the plan the unpaid contributions, interest on the unpaid contributions, 20% liquidated damages and attorneys' fees and costs incurred in recovering the outstanding withdrawal liability payments.

54. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), provides that a failure to make a withdrawal liability payment is considered a "default" if the failure is not cured within 60 days after an employer receives written notification from the plan sponsor of such failure. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5) further provides that in the event of such default, the Board of Trustees may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of withdrawal liability from the due date of the first payment which was not timely made. Section 4219.33 of the Pension Benefit Guaranty Corporation's regulations, 29 C.F.R. § 4219.33, provides that the Fund may adopt rules for determining the rate of interest to be charged on defaulted withdrawal liability. The Board of Trustees of the Fund has adopted such rules, and they are reflected in the Fund's Delinquency Collection Policy.

55. Pursuant to ERISA § 4001(b)(l), 29 U.S.C. § 130l(b)(l), and the regulations promulgated thereunder, contributing employer Logmet is liable for the entire Assessment.

56. Pursuant to ERISA §§ 502(g)(2), 400l(b)(l), 4219(c)(2), 422l(d) and 4301, 29 U.S.C. §§ 1132(g)(2), 130l(b)(l), 1399(c)(2), 1401(d) and 1451, defendant Logmet is liable for the $9,557 withdrawal liability payment due, 20% liquidated damages, interest, and attorneys' fees and costs incurred by the Fund in recovering the withdrawal liability payment.

**WHEREFORE,** Plaintiffs demand the following relief:

A. An Order for a Money Judgment in favor of the Fund and against Defendant in the amount of:
  1. All unpaid contributions;
  2. All interest and liquidated damages owed on those contributions;
  3. Payroll audit costs; and
  4. The reasonable attorneys' fees and actual costs the Fund incurs to collect Defendant's delinquent contributions;

B. An Order that Defendant comply with a payroll audit for the period of July 2021 to May 31, 2025;

C. An Order for a Money Judgment in favor of the Fund and against Defendant in the amount of:
  1. $9,557, representing delinquent withdrawal liability owed to the Fund;
  2. All interest and liquidated damages owed on that withdrawal liability;
  3. The reasonable attorneys' fees and actual costs the Fund incurs to collect Defendant's delinquent withdrawal liability;

D. That the Court retain jurisdiction pending compliance with its orders; and

E. For such other, further or different relief as the Court deems just and proper.

Dated this 17th day of September, 2025.

/s/ Daniel G. Murphy
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com
Jori P. LaRosa
WI Bar ID No. 1126882
jlarosa@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

/s/ Travis J. Ketterman
Travis J. Ketterman
IL State Bar ID No. 6237433
tketterman@mkrlaborlaw.com
McGann Ketterman & Rioux, Ltd.
111 East Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 251-9700

*Attorneys for Plaintiff*